UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

CHERISH COOPER,

       Plaintiff,

vs.

HOTWIRE COMMUNICATIONS, LTD,

       Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, CHERISH COOPER, by and through her undersigned counsel, and sues the Defendant, HOTWIRE COMMUNICATIONS, LTD, and alleges as follows:

## INTRODUCTION

1.    This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3.    At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4.    At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

1

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff, who is homosexual, was being sexually discriminated and harassed by a co-worker, Mario, who kept pushing Plaintiff to be with a man.

8. When she reported this to her supervisor, nothing was done in response.

9. In turn, in December of 2019, Plaintiff was attacked, sexually assaulted and physically battered by Mario.

10. After reporting this, Defendant did fire Mario, while also instructing Plaintiff to not speak of this incident to anyone.

11. However due to this, Plaintiff began to suffer from terrible depression and anxiety, and began to seek FMLA leave around February of 2020.

12. Despite this protected leave, Defendant would not provide her with FMLA benefits for months, despite numerous requests and complaints.

13. Finally, Plaintiff obtained FMLA leave in September of 2020, which was only provided to her intermittently for a period of 90 days.

14. However, within that 90 day period, Plaintiff was suddenly terminated on December 14, 2020.

## COUNT I

## FMLA INTERFERENCE

15. The Plaintiff incorporates by reference paragraphs 1-14 herein.

16. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

17. The Defendant unlawfully interfered with the Plaintiff's exercise of her FMLA rights by failing to reinstate her position, or equivalent thereto, upon the expiration of her FMLA leave.

18. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

19. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, CHERISH COOPER, requests that judgment be entered against the Defendant, HOTWIRE COMMUNICATIONS, LTD for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FMLA RETALIATION

20. The Plaintiff incorporates by reference paragraphs 1-14 herein.

21. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

22. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

23. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

24. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

25. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, CHERISH COOPER, requests that judgment be entered against the Defendant, HOTWIRE COMMUNICATIONS, LTD for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: May 14, 2021.   Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920